IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CLARENCE RIDLEN, <br><br> Defendant. | Case No. 12-cr-40020-NJR-14 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Clarence Ridlen's *pro se* Motion to Reduce Sentence (Doc. 900) and Request for Sentence Modification of Imposed Term of Imprisonment pursuant to the compassionate release provisions of 18 U.S.C. § 3582(c)(1)(a) as amended by the First Step Act of 2018 (Doc. 914).

On November 18, 2013, Ridlen was charged in a one-count Superseding Indictment with Conspiracy to Manufacture Methamphetamine. On August 9, 2013, Ridlen pleaded guilty to Count 1 (Docs. 358 and 359).

The Presentence Investigation Report ("PSR"), using the 2012 sentencing Guidelines Manual, determined that Ridlen's relevant conduct involved 59.76 kilograms of a mixture and substance containing methamphetamine, which created a Base Offense Level of 38 (Doc. 489 at ¶ 51). Ridlen received a three-level reduction for acceptance of responsibility (Doc. 489 at ¶ 58, 59). With a total offense level of 35 and a criminal history category of I, the PSR calculated Ridlen's guideline range as 168-210 months'

imprisonment (Doc. 489 at ¶ 88).

On November 18, 2013, District Judge G. Patrick Murphy sentenced Ridlen to a 120 month term of imprisonment on Count 1 (Doc. 499). The term of imprisonment was to be followed by 5 years of supervised release (*Id.*). Ridlen also was ordered to pay a fine of $2,000 and a special assessment of $100 (*Id.*).

Ridlen now asks the Court to reduce his sentence in light of Section 404 of the First Step Act of 2018. 115 Pub. L. 391 § 404, 132 Stat. 5194 (enacted Dec. 21, 2018). Because Judge Murphy has retired, the case was transferred to the undersigned.

Ridlen filed a *pro se* motion for a sentence reduction under the First Step Act on April 22, 2019 (Doc. 900). Daniel G. Cronin, an Assistant Federal Public Defender, entered a Notice of Attorney appearance a week later (Doc. 902). On May 23, 2019, Mr. Cronin moved to Withdraw as Attorney, finding that Ridlen had no meritorious basis for obtaining relief under 18 U.S.C. 3582(c)(2), Amendment 782 to the United States Sentencing Guidelines, and Section 404 of the First Step Act (Doc. 907). Specifically, Mr. Cronin explained that Ridlen was not sentenced for crack cocaine but, rather, Ridlen's relevant conduct was 59.76 kilograms of a mixture or substance containing methamphetamine (*Id.*).

On July 12, 2019, the Court ordered Ridlen to show cause within a month from the date of the Order and explain why the Court should not grant Mr. Cronin's Motion to Withdraw and deny Defendant's *pro se* Motion to Reduce Sentence (Doc. 910). Ridlen responded on August 5, 2019, and Mr. Cronin provided a supplement to his Motion to Withdraw as Attorney on August 13, 2019 (Docs. 912 and 913). On August 26, 2019,

Ridlen moved for a Sentence Modification of Imposed Term of Imprisonment pursuant to the compassionate release provisions at 18 U.S.C. § 3582(c)(1)(a) as amended by the First Step Act of 2018 (Doc 914). On December 27, 2019, Mr. Cronin was ordered to address the request for compassionate release by filing a supplement to Ridlen's request on or before January 10, 2020, if he found such a request would not be frivolous (Doc. 919). On January 10, 2020, Mr. Cronin submitted a supplement to Ridlen's request for compassionate release, finding that the request was not frivolous (Doc. 920). Mr. Cronin also requested to provide additional factual documentation of the allegations made in his supplement within five days (*Id.*). The additional factual documentation was not filed until January 27, 2020 (Doc. 922).

Section 404 of the First Step Act makes sections 2 and 3 of the Fair Sentencing Act of 2010 retroactive to defendants, and it allows district courts to reduce a defendant's sentence for a crack cocaine offense as if the sections of the Fair Sentencing Act of 2010 were in effect at the time the defendant's offense was committed. *See* First Step Act, § 404. Section 2 of the Fair Sentencing Act of 2010 increased the quantity of cocaine base required to trigger the enhanced penalties of 21 U.S.C. § 841.[1] The Court believes that modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which provides that "a court may modify an imposed term of imprisonment to the extent otherwise expressly determined by statute." Federal Rule of Criminal Procedure 43(b)(4) provides that a defendant "need not be present" at a

---

[1] Specifically, it raised threshold under § 841(b)(1)(A) from "50 grams" to "280 grams," and the threshold under § 841(b)(1)(B) from "5 grams" to "28 grams."

proceeding that "involves the . . . reduction of sentence under . . . 18 U.S.C. § 3582(c)."

It is the Government's position that the First Step Act's retroactive application of the Fair Sentencing Act of 2010 affords Ridlen no relief as to his term of imprisonment (Doc. 921). Ridlen was not sentenced for crack cocaine; his relevant conduct was 59.76 kilograms of a mixture or substance containing methamphetamine (Doc. 422 at ¶ 51). The Court agrees with the Government's position and finds that a reduction is not warranted on these grounds.

Ridlen lists several circumstances that he believes qualify him for compassionate release. Ridlen's wife, Vicky Ridlen, has a failing left kidney that will require an operation (Doc. 922-2). She has had four kidney surgeries (Doc. 909). She has also undergone several heart surgeries (Doc. 922-2). A monitoring device was inserted in her heart (*Id*.). In addition, her right shoulder has lost its blood supply and the bone has "basically died" as a result (*Id*.). Mr. Cronin has provided her medical records, which corroborate her illnesses (Doc. 924). The records confirm that she has had three cardiac ablations, four kidney stent placements, and a left foot surgery (*Id*.). Ridlen has financially supported her through her illnesses (Doc. 909). It is Ridlen's position that these circumstances qualify him for the compassionate release provisions found in Section 603 of the First Step Act, which amended 18 U.S.C. § 3582(c) and (d) (Docs. 912 and 914). Under that section, however, the Court may only act:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). Here, there is simply no evidence that Ridlen exhausted his administrative remedies. Ridlen has provided documentation showing that he asked the warden of his institution to file a motion for compassionate release on his behalf in 2016 (Doc. 922). Once the request was denied, he must appeal the denial through the Bureau of Prisons' appeal process. Only then will Ridlen have exhausted all of his administrative remedies. At this time, Ridlen has provided no documentation to show that he has appealed the denial through the Bureau of Prisons' appeal process as instructed in the Warden's memorandum provided by Mr. Cronin (Doc. 922). Therefore, the Court cannot act, and this argument must fail.

For these reasons, the *pro se* the Motion to Reduce Sentence (Doc. 900) and the Motion for Sentence Modification (Doc. 914) filed by Defendant Clarence Ridlen are **DENIED**. The Motion to Withdraw as Attorney (Doc. 907) is **GRANTED**.

**IT IS SO ORDERED.**

DATED: January 29, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**